**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

DEBBIE JO BRENNAN,             \*
                                       \*
           Plaintiff,      \*
v.                              \*
                                       \*
CAROLYN W. COLVIN, Acting   \*      No. 1:14CV00016-JJV
Commissioner, Social Security     \*
Administration                 \*
                                       \*
          Defendant.    \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Debbie Jo Brennan, appeals the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for supplemental security income ("SSI") benefits under Title XVI of the Social Security Act (the "Act"). For reasons set out below, the decision of the Commissioner is AFFIRMED.

**I.    BACKGROUND**

On April 8, 2011, Ms. Brennan protectively filed for SSI benefits due to degenerative disc disease, fibromyalgia, and bipolar disorder. (Tr. 129) Ms. Brennan's claims were denied initially and upon reconsideration. At Ms. Brennan's request, an Administrative Law Judge ("ALJ") held a hearing on December 21, 2012, where Ms. Brennan appeared with her lawyer. Ms. Brennan, who was forty-nine years old at the time of the hearing, has a GED and no past relevant work. (Tr. 19, 28) At the hearing, the ALJ heard testimony from Ms. Brennan and a vocational expert ("VE"). (Tr. 25-43)

The ALJ issued a decision on February 1, 2013, finding that Ms. Brennan was not disabled under the Act. (Tr. 9-20) The Appeals Council denied Mr. Brennan's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-3)

## II.     DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Ms. Brennan had not engaged in substantial gainful activity since April 8, 2011, and she had the following severe impairments: degenerative disc disease, mood disorder, anxiety disorder, borderline personality disorder, morbid obesity, and fibromyalgia.  (Tr. 11)  However, the ALJ found that Ms. Brennan did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2]  (Tr. 13)

According to the ALJ, Ms. Brennan has the residual functional capacity ("RFC") to perform light work with occasional climbing, balancing, stooping, bending, crouching, kneeling, and crawling.  The work must be simple with interpersonal contact incidental to the work performed, the complexity of one to two step tasks is learned and performed by rote with few variables and little judgment, and the supervision is simple, direct, and concrete.  (Tr. 15)  The VE testified that jobs available with these limitations were cashier II and housekeeper/cleaner.  (Tr. 41)  Accordingly, the ALJ determined that Ms. Brennan could perform a significant number of jobs existing in the national economy, and found that she was not disabled.

## III.    ANALYSIS

### A.     Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g).

[2]420 C.F.R. §§ 416.920(d), 416.925, and 416.926.

substantial evidence in the record as a whole to support the decision.[3]  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."[5]

### B.     Ms. Brennan's Argument for Reversal

Ms. Brennan asserts that the Commissioner's decision should be reversed because (1) there is substantial evidence supporting her disability claims; and (2) the ALJ failed to assess her chronic fatigue syndrome.  (Doc. No. 11)

#### 1.     Substantial Evidence

Ms. Brennan argues that the ALJ's opinion is not supported by substantial evidence.  While there may be evidence supporting the Ms. Brennan's claim, the issue now is whether there was substantial evidence to support the ALJ's decision.[6]  As set out below, the ALJ's decision was supported by substantial evidence.

Ms. Brennan points out that a 2010 MRI "showed degenerative disk changes at L5-S1 with central disk bulge."  However, Ms. Brennan left out the fact that the disc bulge on the MRI report was only "slight" and there was "no canal stenosis or foraminal narrowing" or any mention of nerve

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

[6]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

compression.  (Tr. 222)

Ms. Brennan takes issue with the ALJ noting that she had negative straight leg raises because she also had positive straight leg raises.  Importantly, the positive straight leg raise was in June 2011, and the negative straight leg raise in August 2011.  (Tr. 214, 226)

The ALJ also noted the long gaps in Ms. Brennan's treatment history.  For example, she had a physical exam in November 2010, but did not seek treatment for her symptoms again until June 2011.  In August 2011 she underwent a consultative exam (related to this case), but "did not seek any additional treatment until November 2012 when she complained of neck pain and headaches." (Tr. 17)  The ALJ properly considered the fact that Ms. Brennan did not seek regular treatment for her alleged impairments.[7]  He also noted that when Ms. Brennan did receive treatment, it was conservative in nature.[8]

The ALJ noted that, despite Ms. Brennan's claims of bipolar disorder, anxiety, and borderline personality disorder, she provided no medical evidence "that she received mental health treatment in the past" nor did she provide evidence that she has received treatment since her alleged onset date. Additionally, on June 21, 2011, during her mental status evaluation, Ms. Brennan advised Dr. Bunting that she had not had an anxiety attack in over a year, and had not been to therapy in several years.  (Tr. 184-185)  The ALJ concluded that her medication must be effective at controlling her symptoms, and this position was supported by the examining doctor's conclusion.  (Tr. 18, 189) Both the lack of treatment and effectiveness of prescriptions were appropriate considerations by the

---

[7]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[8]*Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998) (finding that an ALJ may rely on the fact that a claimant has undergone only conservative treatment when evaluating the severity of the impairments).

ALJ.[9]

Other factors also supported the ALJ's decision to question the severity of Ms. Brennan's impairments. For example, she advised Dr. Bunting in June 21, 2011, that her "extremely bad" anxiety kept her from working since 2010. (Tr. 184) But in the same interview, she claimed that she stopped working because she hurt her back after lifting a patient. She testified the same at the hearing. (Tr. 28, 185) Dr. Bunting noted that Ms. Brennan was "not a reliable informant" and referenced several inconsistencies during their meeting. She also noted that Ms. Brennan "was eager to exaggerate." (Tr. 188-189)

The ALJ noted that Ms. Brennan could perform most activities of daily living independently and she is able to do the laundry, wash dishes, sweep, and play on the computer. He also noted that she enjoys going to the park and shopping at antique stores, and, in fact, went to an antique store the day before one of her evaluations. (Tr. 13) Yet, on the function report, Ms. Brennan indicated that her husband does all the shopping. (Tr. 141)

Ms. Brennan testified she can sit for only thirty minutes at a time before pain sets in, but reported during her mental evaluation that she can drive for thirty minutes to an hour before she gets a "sense of panic"; there was no mention of pain. (Tr. 32, 188)

In sum, the ALJ's findings were supported by "good reasons and substantial evidence."[10]

2.     Chronic Fatigue Syndrome

Ms. Brennan contends that the ALJ "failed to consider the combination of [her] chronic

---

[9]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling."); *Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[10]*Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006).

fatigue and fibromyalgia" when making the RFC finding.  She also argues that the ALJ erroneously accepted a consulting physician's opinion rather than a treating physician's opinion and "merely acknowledge[d], without discussing, the report prepared by [her] significant other" that supported her complaints.

The Commissioner points out there is no report prepared by a significant other in the record, and Ms. Brennan does not specifically cite the report.  I also could find no report in the record, so this claim is without merit.

As for the claim about accepting the opinion of the consulting doctor rather than the treating doctor, Ms. Brennan again failed to cite the document to which she is referring.  As for the finding by consultative examiner Dr. Subramanium -- who found that Ms. Brennan would have moderate to severe limitation with prolonged walking, sitting, standing, lifting, carrying, and handling -- the ALJ gave it "little weight" because his opinion was contrary to the objective medical evidence and his own examination of Ms. Brennan.  The ALJ noted that while Dr. Subramanium said Ms. Brennan would have trouble handling things, he did not identify any "abnormalities in grip or muscle strength that would necessitate a handling restriction."  (Tr. 18) Moreover, Ms. Brennan indicated no issues with "using hands" on her function report.  (Tr. 143) The ALJ also recognized that, though Ms. Brennan has "muscle tenderness . . . her neurological functioning remains intact."  (Tr. 17)  This finding was supported by the medical evidence.  (Tr. 224-227, 251)

"While pain may be disabling if it precludes a claimant from engaging in any form of substantial gainful activity, the mere fact that working may cause pain or discomfort does not mandate a finding of disability."[11]  Here, the ALJ considered the credible impairments and limitations and properly included those in his RFC.

---

[11]*Jones v. Chater*, 86 F.3d 823, 826 (8th Cir. 1996).

**IV.   CONCLUSION**

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 25th day of September, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE